# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1181 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Central States et al vs. Nieman | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for May 2, 2000 at 9:30 a.m..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court denies both Plaintiffs' and Defendant's motions (Docs 11-1 & 13-1) for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | LS | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
)
            Plaintiffs, )
)
                                                    )       99 C 1181
   vs. )
)
ORIN S. NEIMAN, an individual, )
)
            Defendant. )

DOCKETED

MAR 2 4 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiffs' and Defendant's cross-motions for summary judgment. For the reasons set forth below, the Court denies both motions.

## BACKGROUND

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Howard McDougall (collectively, the "Plaintiffs") bring this action against Defendant Orin S. Neiman ("Neiman") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the

Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. §§1001-1461 (1982). The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA. In this action, Plaintiffs seek to hold Neiman as an individual jointly and severally liable for withdrawal liability.

The Orin S. Neiman Trust (the "Trust") is the majority owner of Amtrans, Inc. ("Amtrans"). Neiman himself owns the remainder of Amtrans. Either Amtrans, Inc. ("Amtrans") or South Coast Equipment Co. ("South Coast Equipment"), which was itself owned by Amtrans between 1989 and 1993, owned South Coast Transportation Co. ("South Coast Transport"). A collective bargaining agreement between South Coast Transport and Teamsters Local Union No. 836 required South Coast to make contributions to the Pension Fund on behalf of certain employees. Amtrans, South Coast Equipment, South Coast Transport and all other trades or businesses under their common control (collectively, the "Amtrans Controlled Group") constitute a single employer under §1301(b)(1) of ERISA.

On December 31, 1991, the Pension Fund determined that the Amtrans Controlled Group effectuated a partial withdrawal from the Pension Fund as a result of a 70 percent decline in contributions from South Coast Transport to the Pension Fund. Because of this partial withdrawal, all members of the Amtrans Controlled

Group jointly and severally incurred withdrawal liability totaling $1,750,527.76. In May 1993, the Pension Fund forwarded a notice and demand for payment of the partial withdrawal liability assessment to the Amtrans Controlled Group. In September 1993, the Pension Fund notified the Amtrans Controlled Group that its withdrawal liability payments were past due. The Amtrans Controlled Group neither paid the withdrawal liability payments nor did it initiate arbitration of the assessment.

On or about December 16, 1993, the Pension Fund determined that the Amtrans Controlled Group effectuated a complete withdrawal from the Pension Fund because South Coast Transport, on that date, permanently ceased to have an obligation to contribute to the Pension Fund. Consequently, all members of the Amtrans Controlled Group jointly and severally incurred withdrawal liability to the Pension Fund in the amount of $503,325.71. In February 1994, the Pension Fund sent the Amtrans Controlled Group a notice and demand for payment for the complete withdrawal assessment. In March 1994, the payment for the complete withdrawal assessment became past due. The Amtrans Controlled Group has neither paid the complete withdrawal assessment nor has it initiated arbitration regarding the matter.

In 1997, Plaintiffs brought suit against several of the Amtrans Controlled Group's corporate members and obtained a judgment on both the partial and complete withdrawal liability assessments. However, Plaintiffs have not collected any of the judgment. After obtaining Neiman's 1991 and 1993 federal income tax returns, Plaintiffs determined that Neiman was also individually responsible for the 1991 and 1993 withdrawal liability assessment, and as a result filed this instant suit.

In his 1991 federal income tax return, Neiman attached a Form Schedule C, labeled "Profit or Loss from Business (Sole Proprietorship)." It lists Neiman as the proprietor and lists "Business and Management," "Management Services" as his principal business or profession. Moreover, Neiman checked the "Yes" box in response to the question, "Did you 'materially participate' in the operation of this business during 1991?" Neiman also checked the box in response to the question, "If this is the first Schedule C filed for this business, check here." The 1991 Schedule C indicates total gross receipts or sales of $36,875 and total expenses of $36,968, listed as a "Bus. Guarantee Obligation."

In his 1993 federal income tax return, Neiman again filed a Schedule C form. He made the same representations as those made in his 1991 Schedule C, but he did not this time check the box after the question, "If this is the first Schedule C filed

for this business, check here." In the 1993 Schedule C, Neiman indicated that his gross receipts or sales totaled $110,506 and that his total expenses totaled $107,285. Neiman signed each of his tax returns. The signature block on each provides, "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete."

Based on Neiman's 1991 and 1993 tax returns, Plaintiffs assert that Neiman individually operated a sole proprietorship that is under the same common control as the Amtrans Controlled Group. Thus, Plaintiffs claim that Neiman is liable jointly and severally for the withdrawal liability. Neiman does not dispute his individual ownership interest in Amtrans and hence his control over the Amtrans Controlled Group. However, Neiman disputes whether he operated a sole proprietorship that would qualify as a "trade or business" under ERISA so as to subject him individually to withdrawal liability. On their motion for summary judgment, Plaintiffs claim that Neiman's tax returns definitively demonstrate that Neiman operated a sole proprietorship and that Nieman is precluded from offering evidence that contradicts the representations he made under oath in his tax forms. Neiman cross-moves arguing that his tax returns are not dispositive of whether he

operated a sole proprietorship and that his affidavit along with the affidavit and deposition of his accountant demonstrate that he did not run a sole proprietorship and so is not jointly and severally liable for withdrawal liability.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2458, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. <u>See</u> <u>id</u>. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. The nonmovant must go beyond the pleadings and support its contentions with proper documentary evidence. <u>See</u> <u>id</u>.

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "In such

a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See id. at 323.

For cross-motions for summary judgment, each movant must individually fulfill the stringent requirements necessary to obtain summary judgment under Rule 56, such standards still being applicable. See United Transportation Union v. Illinois Central R.R., 998 F. Supp. 874, 880 (N.D. Ill. 1998). By filing cross-motions for summary judgment, the parties do not waive trial by the merits, but each party merely believes that the court should grant it judgment without trial, unless the judge disagrees. See Miller v. LeSea Broadcasting, Inc., 87 F.3d 224, 230 (7th Cir. 1996). Indeed, upon receipt of cross-motions for summary judgment, the court is not required to grant summary judgment as a matter of law for either side. See Brownlee v. City of Chicago, 983 F. Supp. 776, 779 (N.D. Ill. 1997); Boozell v. United States, 979 F. Supp. 670, 674 (N.D. Ill. 1997). Rather, the court will evaluate each motion on its merits, resolving factual uncertainties and drawing all reasonable inferences against the movant. See Brownlee, 983 F. Supp. at 779; Boozell, 979 F. Supp. at 670; United Transportation Union, 998 F. Supp. at 880. With these principles in mind, the Court evaluates the merits of the motions.

# DISCUSSION

The purpose of ERISA is to "guarantee that 'if a worker has been promised a defined pension benefit upon retirement ... he will actually receive it.'" <u>Pension Benefit Guaranty Corp. v. R.A. Gray & Co.</u>, 467 U.S. 717, 720, 104 S.Ct. 2709, 2713, 81 L.Ed.2d 601 (1984), <u>quoting</u> <u>Nachman Corp. v. Pension Benefit Guaranty Corp.</u>, 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed2d 354 (1980). Thus, ERISA was amended by the MPPAA to provide that an employer who withdraws from a multi-employer pension plan incurs "withdrawal liability" equivalent to its proportionate share of the plan's "unfunded vested benefits." 29 U.S.C. §1381(b)(1). Withdrawal liability ensures that an employer does not shift the financial burden of his employees' vested pension benefits to other employers in the plan and ultimately to the Pension Fund itself, which insures such benefits. <u>See</u> <u>Central States, Southeast and Southwest Areas Pension Fund v. Ditello</u>, 974 F.2d 887, 888 (7th Cir. 1992).

Section 1301(b)(1) holds all members of a "common control" group of "trades or businesses" jointly and severally liable for the withdrawal liability incurred by any one member of the controlled group. <u>See</u> <u>Central States, Southeast, Southwest Areas Pension Fund v. Koder</u>, 969 F.2d 451, 452 (7th Cir. 1992). Thus, an entity

incurs joint and several liability by being a "trade or business" that is under the common control of the withdrawing employer.  See <u>Ditello</u>, 974 F.2d at 889. Neiman does not dispute that the Amtrans Controlled Group and he are under the same "common control." Rather, he disputes that he operated a sole proprietorship that would qualify as a "trade or business" within the meaning of §1301(b)(1). Thus, whether Neiman as an individual is jointly and severally liable for the withdrawal liability incurred by the Amtrans Controlled group revolves entirely around whether Neiman operated a sole proprietorship that can be considered a "trade or business."

Neither ERISA nor the MPPAA defines the term "trade or business." <u>See Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Kelly</u>, No. 95 C 501, 1996 WL 507258, at *4 (N.D. Ill. Sept. 4, 1996). However, §1301(b)(1) provides that the regulations prescribed thereunder shall be "consistent and coextensive with regulations prescribed for similar purposes by the Secretary of the Treasury under section 414(c) of Title 26." 29 U.S.C. §1301(b)(1). The Secretary of the Treasury has not defined "trade or business" either in the context of any regulations promulgated under §1301(b)(1) or in any Internal Revenue Code regulations. <u>See Kelly</u>, 1996 WL 507258, at *4. As a result

of this lack of statutory and regulatory guidance, the Seventh Circuit has adopted two different analyses in determining what constitutes a "trade or business." Compare Ditello, 974 F.2d at 890 with Central States, Southeast and Southwest Pension Fund v. Personnel, Inc., 974 F.2d 789, 794 (7th Cir. 1992). Nevertheless, the approach followed in Ditello, although taking into consideration the purposes of the MPPAA, does not provide much guidance in defining "trade or business" and relies on an economic relationship requirement that no longer seems to be authoritative. See Ditello, 974 F.2d at 890; Central States, Southeast and Southwest Areas Pension Fund v. Miller, 868 F. Supp. 995, 1002-1004 (N.D. Ill. 1994); Kelly, 1996 WL 507258, at *4-7. Thus, the Court will adopt the method utilized in Personnel to determine whether an entity is engaged in a trade or business under §1301(b)(1).

The Seventh Circuit in Personnel relied on the Supreme Court's analysis of "trade or business" under §162(a) of the Internal Revenue Code, 26 U.S.C. §162(a), in Commissioner of Internal Revenue v. Groetzinger, 480 U.S. 23, 27, 107 S.Ct. 980, 983, 94 L.Ed.2d 25 (1987). See Personnel, 974 F.2d at 794. In Groetzinger, the Supreme Court found that:

> ...not every income producing and profit making endeavor constitutes
> a trade or business. The income tax law, almost from the beginning,

has distinguished between a business or trade, on the one hand, and "transactions entered into for profit but not connected with .. business or trade," on the other.... See Revenue Act of 1916, §5(a), Fifth, 39 Stat. 759. Congress "distinguished the broad range of income or profit producing activities from those satisfying the narrow category of trade or business." We accept the fact that to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit. Sporadic activity, a hobby, or an amusement diversion does not qualify. Groetzinger, 480 U.S. at 35, 107 S.Ct. at 987, quoting Whipple v. Commissioner, 373 U.S. 193, 197, 83 S.Ct. 1168, 1171, 10 L.Ed.2d 288 (1963).

The Seventh Circuit found that this Groetzinger analysis of "trade or business" was helpful in distinguishing "trades or businesses" from purely personal activities or investments for purposes of §1301(b)(1). See Personnel, 974 F.2d at 794. Thus, the court found that the activity in question in Personnel constituted a "trade or business" under §1301(b)(1) because it was regular and continuous and designed to produce income. See id. at 795. In determining whether an activity is regular and continuous and primarily for income, a court may consider: (1) the defendant's intent in creating the enterprise; (2) the defendant's tax treatment of the enterprise; and (3) the legal form of the disputed enterprise (e.g. corporation, partnership, joint venture, individual owner, etc.) Kelly, 1996 WL 507258, at *9, citing Personnel, 974 F.2d at 794-95; Miller, 868 F. Supp. at 1003.

Plaintiffs argue that because Neiman treated his activity as a sole proprietorship in his tax returns, Neiman was engaged in a "trade or business" within the meaning of §1301(b)(1). According to Plaintiffs, Neiman is not allowed to offer evidence that contradicts his representations in his tax returns; thus, the Court is to ignore any evidence so submitted. Consequently, Plaintiffs reason that there exists no competent evidence to contradict Neiman's tax returns, and the Court must find that Neiman operated a sole proprietorship that meets the definition of "trade or business" under §1301(b)(1). Neiman, on the other hand, argues that his tax returns do not necessarily signify that he operated a sole proprietorship and submits affidavits and a deposition of his accountant explaining his representations on his tax returns.

Although the Court considers the tax treatment of an activity, it is not dispositive of whether an activity constitutes a "trade or business" under §1301(b)(1). See Personnel, 974 F.2d at 795; Miller, 868 F. Supp. at 1003; Kelly, 1996 WL 507258, at *9. The only evidence Plaintiffs submit in support of their motion for summary judgment is Neiman's tax returns, which for 1991 and 1993 include a Schedule C intended for sole proprietorships. Further, despite Plaintiffs' objections, the Court may properly consider Neiman's affidavit along with the

affidavit and deposition of his accountant, Arnold G. Anisgarten ("Anisgarten"), in a motion for summary judgment.

Neiman's affidavit and Anisgarten' affidavit and deposition are admissible as they do not contradict an earlier deposition and are not conclusory in nature. It is well settled in the Seventh Circuit that a party cannot create an issue of material fact simply by creating a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition. See Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 532 (7th Cir. 1999); Beck v. University of Wisconsin Board of Regents, 75 F.3d 1130, 1134 (7th Cir. 1996). Moreover, a party cannot defeat a summary judgment motion by producing self-serving affidavits without factual support in the record or by relying on conclusory statements in affidavits. However, Neiman has not attempted to manufacture an issue of material fact by producing a conflict between his affidavit and an earlier deposition. Rather, Neiman submits his affidavit to explain why he completed a Schedule C and to explain the entries therein. Plaintiffs hang their hats entirely upon their argument that because Neiman signed his tax returns "under penalties of perjury," his tax returns constitute testimony against which Neiman can offer no further evidence in rebuttal. In advocating such a rule, Plaintiffs distortingly stretch the rule that one cannot create a conflict in one's

own testimony by submitting an affidavit that contradicts an earlier deposition. The Court is aware of no authority that extends the "sham" affidavit rule to prevent a party from submitting an affidavit to explain a document signed under oath prior to the existence of the litigation.

When a deposition and an affidavit are in conflict, the deposition testimony trumps the affidavit, unless it is demonstrable that the statement in the deposition was mistaken. See id. A deposition carries more weight because an individual testifies in his own words in response to questioning and cross-examination, whereas an affidavit is generally drafted by an attorney. See Russell v. Acme-Evans Co., 51 F.3d 64, 67 (7th Cir. 1995). Here, Neiman's tax returns share none of the qualities of a deposition so as to accord them similar weight and automatically allow them to trump an affidavit. Further, the tax returns do not speak for themselves and testify to facts with inherent and definite significance. Thus, it is unclear whether an explanation of a tax return would necessarily conflict with representations made therein and as a result be precluded. Cf. Shepard v. Slater Steels Corp., 168 F.3d 998, 1007 (7th Cir. 1999) (where deposition testimony is ambiguous or incomplete, witness may clarify or expand upon testimony with an affidavit). Even where an affidavit contradicts a deposition, the affidavit may be permissible if the

contradictions are explained. See Babrocky v. Jewel Food Co., 773 F.2d 857, 861 (7th Cir. 1985). Here, Neiman's affidavit disputes the fact that he operated a sole proprietorship and attempts to explain the inconsistency in filing a Schedule C when it was not appropriate. As such, the Court will consider Neiman's affidavit.

Moreover, the Court will consider Anisgarten's affidavit and deposition. Plaintiffs' do not even contend that Anisgarten's affidavit or deposition contradicts some earlier deposition or testimony of his own. That Anisgarten's affidavit may contradict some prior testimony of Neiman would not preclude Anisgarten's affidavit from being admissible. See id. (where conflict is between deposition and affidavit given by two separate individuals, then summary judgment would be inappropriate because court may not weigh conflicting evidence).

Thus, in the face of Neiman's affidavit and Anisgarten's affidavit and deposition, Neiman's 1991 and 1993 tax returns do not conclusively establish that Neiman operated a "trade or business" within the meaning of §1301(b)(1). Plaintiffs have submitted no other evidence or explanation of the business in which Neiman's sole proprietorship was engaged from which the Court could discern whether Neiman's activities were "trades or businesses." A Court must be able to examine the facts involved in each case to determine whether the primary purpose of an

activity is to earn income or profit, thus qualifying that activity as a "trade or business." See Miller, 868 F. Supp at 1003, citing Groetzinger, 480 U.S. at 36, 107 S.Ct. at 987.

Plaintiffs have not submitted sufficient facts from which this Court can determine whether Neiman operated a sole proprietorship meeting the definition of "trade or business" under §1301(b)(1). As such, the Court denies Plaintiff's motion for summary judgment.

Similarly, Neiman has failed to submit sufficient evidence to demonstrate his entitlement to summary judgment. Although Neiman submits his own affidavit, along with Anisgarten's affidavit and deposition in explaining the use of the Schedule C in his 1991 and 1993 tax returns, this is insufficient for the Court to make the determination that Neiman was not engaged in a "trade or business" under §1301(b)(1). The significance of Neiman's tax forms depends, at least in some part, on the credibility of the explanations offered by Neiman and Anisgarten. The Court will not make that determination on this motion. Further, the record before the Court does not contain adequate facts from which the Court can confidently decide whether Neiman operated a sole proprietorship that can be considered a "trade or business" under §1301(b)(1). Both parties focus on the significance of the tax

returns to the exclusion of all other considerations that aid a court in determining whether an entity or individual was engaged in a "trade or business." Even if the significance of the tax returns were settled, it would not necessarily dictate the classification of an activity as a "trade or business," and neither party has submitted any additional helpful evidence. Thus, the Court denies Neiman's summary judgment motion as well.

## CONCLUSION

For the reasons set forth above, the Court denies both Plaintiffs' and Defendant's motion for summary judgment.

Charles P. Kocoras
United States District Judge

Dated: ___March 23, 2000_____





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8371 | **DATE** | 3/23/2000 |
| **CASE TITLE** | STATE FARM LIFE INSURANCE vs. LINDSEY SAVAGE TRUST | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's oral motion to extend time to submit prove up documents is granted in part. Prove up is reset to April 6, 2000 at 9:45 am. Plaintiff is directed to submit all prove up documents and proposed judgment forms to chambers by April 3, 2000.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| ✓ | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 2 4 2000

date docketed

IS
docketing deputy initials

**Document Number**

4

JS courtroom deputy's initials

date mailed notice

mailing deputy initials

Date/time received in central Clerk's Office





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5571 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Ole K. Nilssen vs. Motorola, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's motion to compel Nilssen to provide his alleged "Invention" dates

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Motion entered and continued to March 31, 2000 at 8:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | Document Number |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | | |
| ✓ | Notified counsel by telephone. | | date docketed | | 39 |
| | Docketing to mail notices. | | | IS | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5271 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Kitchen vs. TTX | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motions [236-1], [246-1], [266-1,2], [265-1], [272-1] are denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | | |
| | Notified counsel by telephone. | | date docketed | | **275** |
| ✓ | Docketing to mail notices. | | IS | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 527ƒ | **DATE** | 3/22/2000 |
| **CASE TITLE** | Kitchen et al vs. TTX Company | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter order.  In accordance with Rule 68, the clerk of the Court is hereby ordered to enter judgment against defendant TTX company for the following eleven plaintiffs in the amounts listed by each of their names.  (See order).  The motions for entry of judgment by the plaintiffs [270-1] and by the defendant are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 2 4 2000
date docketed

15
docketing deputy initials

Document Number

274

TSA

courtroom deputy's initials

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELORES KITCHEN, ROSE CAREY, ) | |
| SONDRA CAPLE, YVETTE RUTH, ) | |
| THEODORA ALEXANDER, MARION ) | |
| WASHINGTON, GAYLE ALLEN, CHERYL ) | |
| CARTER, DOROTHY TATUM, MARTHA ) | |
| BAYLOR, and DEBORAH BROWN ) | |
| ) | No. 97 C 5276 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| TTX COMPANY, ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

DOCKETED

MAR 2 4 2000

## ORDER

In accordance with Rule 68, the Clerk of the Court is hereby ordered to enter judgment against

Defendant TTX Company for the following eleven plaintiffs in the amounts listed by each of their

names:

> Theodora Alexander--$25,000.00
> Gayle Allen–$30,000.00
> Martha Baylor–$160,000.00
> Deborah Brown–$30,000.00
> Sondra Caple–$30,000.00
> Rose Carey–$150,000.00
> Cheryl Carter–$30,000.00
> Delores Kitchen–$50,000.00
> Yvette Ruth–$60,000.00
> Dorothy Tatum–$25,000.00
> Marion Washington–$20,000.00

The motions for entry of judgment by the plaintiffs and by the defendant are granted in part and

denied in part.

Wayne R. Andersen
United States District Judge

Dated: March 22, 2000

274





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1961 | **DATE** | 3/22/2000 |
| **CASE TITLE** | DAVID ROE and LAURA ROE vs. NAT'L RAILROAD PASSENGER CORP. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiffs' emergency motion to continue the status hearing scheduled for March 23, 2000

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] At plaintiffs' request, the status hearing set on March 23, 2000 is reset on March 30, 2000 at 9:00 a.m. Parties to submit to chambers their proposals for completion of discovery by March 27, 2000.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | MAR 2 4 2000 | |
| | Notices mailed by judge's staff. | | | date docketed | 50 |
| ✓ | Notified counsel by telephone. | | | 15 | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 3/22/2000 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| mks | courtroom deputy's initials | | Date/time received in central Clerk's Office | mks mailing deputy initials | |







JSb

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4810 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Trustees of the Pension etc. et al. Vs. MDU Specialties, Inc. etc. et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum and Order. Defendant Michael P. Morrow's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | | 33 |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE PENSION, WELFARE   )
AND FRINGE BENEFIT FUNDS OF   )
IBEW LOCAL 701,   )
   )
     Plaintiff,   )
   )
     vs.   )   No. 98 C 4810
   )
MDU SPECIALTIES, INC., a/k/a MDU   )
SPECIALTY'S, INC., a putative corporation,   )
ROBERT J. MYERS, JR., individually, and   )
MICHAEL P. MORROW, individually,   )
   )
     Defendants.   )

**DOCKETED**

**MAR 2 4 2000**

## MEMORANDUM AND ORDER

Defendant Michael P. Morrow did some favors for a friend, some very imprudent, and he was sued as a result. We do not believe, however, that he is or can be personally liable, and therefore we grant his motion for summary judgment.

Defendant Robert J. Myers started a business in 1997. He enlisted the help of a former high school friend, Morrow, to help with the paperwork to establish a corporation and to prepare contribution reports, based on information Myers supplied, for submission to plaintiffs. At about what appears to be the beginning of the enterprise Morrow went once or twice to the IBEW Local 701 office, and it is undisputed that he was there on May 30, 1997, at which time he signed two documents. The business was not yet incorporated. In fact, the incorporation papers were not filed until June 4, 1997, seeking the incorporation of MDU Specialties, Inc. The certificate of incorporation mistakenly listed the corporate name as "MD V Specialties, Inc." The incorporation papers listed Stephen P. Brendle, another friend of



Myers, as the initial registered agent, and Brendle signed it as the incorporator. However, it is undisputed that Myers was the owner, although he never got around to having any stock issued or holding any corporate meetings.

The business did not last long. It apparently employed Brendle, Myers, and, for a time, one other, and it appears to have ceased business in early 1998, but not until it had accrued over $17,000 in unpaid pension and welfare contributions (and now the liability is more than that). Plaintiffs obtained default judgments against the corporation and Myers, but neither has assets. Consequently, plaintiffs hope to recover from Morrow. That takes us back to May 30, 1997.

On that date Morrow went to the IBEW Local office, he says because he gave a ride to three MDU employees who wanted to join the union as part of the necessary procedures to perform under a public works contract. Morrow was told the company had first to agree to be subject to the area collective bargaining agreement and that he could sign for it. According to the union representative then present, Morrow specifically recognized that he would be liable personally for fringe benefits. Morrow disputes that. In any event, he signed as "Treasurer." He also signed an "Application and Indemnity Agreement," purporting to be, in one place, "Sec/Treasurer" and in another "(President)." He also agreed to indemnify the bonding company if it had to make good on its bond. The claim here, however, is by the trustees of the pension and welfare funds, not the bonding company. Finally, we note that each of the funds' trust declarations contains the following language, which no one disputes is binding upon MDU:

> Where an audit discloses a difference between hours actually worked by an Employee and hours reported to the Trust by his Employer, and where such

audit discloses any willful violation of any of the requirements of this Trust
Agreement or rules and regulations adopted in connection herewith, the officers
and directors of such Employer, if a corporation, or the owner or partners of
such Employer, as applicable, shall be personally liable for any underpayment
or other pecuniary loss to the fund attributable to such conduct.

Morrow moves for summary judgment, contending that he never had any interest in
MDU and never was an officer or director of that company, and that he is not personally liable
for any contribution deficiencies.

We begin with a basic premise: an individual is not normally liable for the unpaid
contributions of a corporation unless he has agreed to be liable by indicating an intent to be
individually bound. Sullivan v. Cox, 78 F.3d 322, 326 (7th Cir. 1996). MDU was not a
corporation when Morrow signed, but it was shortly thereafter, before all or virtually all the
contributions became due, and, despite the immaterial variation between the operating and
certificate name, no one disputes that MDU agreed to be bound. We also believe that it is
beyond dispute that Morrow bound, and could bind, MDU as a purported officer, but that he
never was formally elected as treasurer, secretary/treasurer or president. He at most acted
briefly as a volunteer to sign for the company, even though he had no interest in it as an owner
or as an employee. He received no compensation for the "paperwork" he did for his friend.

"Piercing the corporate veil" is of no help to plaintiffs. Corporate status generally
insulates the owners from personal liability, but not if the corporate status is but a sham.
There appears to be little substance to the corporate form here – but that would at most lead
to liability of the owner, Myers, and a judgment has alreasdy been entered against him.
Morrow, in contrast, has no ownership interest.

Morrow's liability, if any, depends upon the above quoted language in the trust

declaration. Liability of officers and directors who are unaware of any under-reporting or failure to pay (and plaintiffs have no evidence that Morrow was aware) requires an interpretation of that clause to impose liability upon an innocent officer because another has committed a "willful violation" by failing to pay. Perhaps the language is capable of that interpretation, and we do not doubt that the concept of "officer" can extend to *de facto* officers. But here Morrow acted as an officer briefly and for a limited purpose: to bind MDU. No one disputes that he effectively did so. But we think it pushes the concept of *de facto* officer way too far if Morrow, because of that one circumstance, is liable as an officer for events transpiring thereafter.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

March 23 , 2000.





# United States District Court
## Northern District of Illinois
### Eastern Division

**DOCKETED**

**MAR 2 4 2000**

Trustees of the Pension etc. et al.

v.

MDU Specialties, Inc. etc. et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 98 C 4810

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court enters summary judgment in favor of defendant, MICHAEL P. MORROW and against plaintiffs, TRUSTEES OF THE PENSION , WELFARE AND FRINGE BENEFIT FUNDS OF IBEW LOCAL 701.

Michael W. Dobbins, Clerk of Court

*Willie A. Haynes*

3

Date: 3/23/2000

Willie A. Haynes, Deputy Clerk





# United States District Court
## Northern District of Illinois
### Eastern Division

**DOCKETED**

MAR 2 4 2000

Affiliated Corporate Services, Inc.

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 98 C 7420

Englewood Community Health
Organization

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff and against defendant in the amount of $181,316.26 plus attorneys' fees and costs.

Michael W. Dobbins, Clerk of Court

Date: March 23, 2000

George D. Schwemin, Deputy Clerk





JS6

**Minute Order Form** (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 98 C 7420 | Date | March 23, 2000 |
| Case Title | Affiliated Corporate Services, Inc. v. Englewood Community Health Organization | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Prove-Up of Damages

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]

(2) Brief in support of motion due _____

(3) Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ Ruling / Hearing on _____ set for _____ at _____

(5) ☒ Status hearing ☒ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Plaintiff's motion for prove up of damages is granted. Judgment is entered in favor of plaintiff and against defendant in the amount of $181,316.26 plus attorneys' fees and costs.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | |
|---|---|---|
| No notices required, advised in open court. | | number of notices |
| No notices required. | | |
| Notices mailed by judge's staff. | | date docketed: MAR 24 2000 |
| Notified counsel by telephone. | | |
| ☒ Docketing to mail notices. | | docketing dpty. initials |
| Mail AO 450 form. | | date mailed notice |
| Copy to judge/magistrate Judge. | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document 38

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFFILIATED CORPORATE SERVICES, INC., a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 98 C 7420 |
| ENGLEWOOD COMMUNITY HEALTH ORGANIZATION, INC., an Illinois not-for-profit corporation, | ) ) ) ) | Judge Gettleman |
| Defendant. | ) | |

**DOCKETED**

**MAR 2 4 2000**

## MOTION FOR PROVE-UP OF DAMAGES

This matter having come before the Court on Plaintiff Affiliated Corporate Services, Inc's Motion for Prove-Up of Damages, this Court having previously entered summary judgment as to liability in favor of Plaintiff and against Defendant Englewood Community Health Organization, Inc., the Court being fully advised in the premises, it is hereby ORDERED:

Judgment is entered in favor of Affiliated Corporate Services, Inc., and against Englewood Community Health Organization, Inc., in the amount of $181,316.26, plus attorneys' fees and costs. Counsel for Plaintiff and Defendant shall submit a Statement of Attorneys' Fees or appropriate motion therefor pursuant to Rule 54.3 of the Local Rules of the United States District Court for the Northern District of Illinois.

Entered this 23rd Day of March, 2000

Judge Robert W. Gettleman

James E. Coston
W. Kent Carter
Coston & Lichtman
53 West Jackson Boulevard
Suite 1150
Chicago, Illinois 60604
(312) 427-1930







# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3910 | **DATE** | March 22,2000 |
| **CASE TITLE** | Eric Wright v Odie Washington | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing ~~on final approval of settlement is~~ set for 5/15/00 at 9:00 a.m.

(5) ☒ Status hearing held and continued to 4/18/00, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Motion to dismiss is denied as moot.

(11)        For further detail see order attached to the original minute order.

| X | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 4 2000 | | 26 |
| | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| GDS | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 300 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Chef'N Corp. v. Lifetime Hoan Corp. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant is granted an extension to and including April 6, 2000 in which to answer or otherwise plead.  The March 31 status is vacated and reset to April 12, 2000 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 2 4 2000 | |
| ✓ | Docketing to mail notices. | | | date docketed | 9 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 100 | **DATE** | 3/23/2000 |
| **CASE TITLE** | USA vs. Wapinski | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants/third party plaintiffs Walter and Steven Skolarz's motion to enter final judgment in the main action and amend the Court's judgment in the third-party action is granted. Final Judgment is entered. The 3/3/00 judgment is amended to include the $5,000 payment Skolarz made to settle the main action, thus increasing the judgment amount to $76,103.72.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | MAR 2 4 2000 | | 64 |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| OR | courtroom deputy's initials | | 00 MAR 23 PM 6:55 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5400 | **DATE** | 3/23/2000 |
| **CASE TITLE** | UNITED STATES ex rel. OTHA ANDERSON vs. JAMES A. CHRANS | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Petitioner's motion to supplement the record on appeal [36-1] with materials not presented to this court is denied.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | |
| X Docketing to mail notices. | |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |

number of notices

MAR 2 4 2000
date docketed

docketing deputy initials

mks / courtroom deputy's initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

39





## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 8000 | Date | March 23, 2000 |
| Case Title | Iowa Grain Co. v William B. McGillivray | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

*Plaintiff's motion to*
*set briefing schedule on motion to confirm arbitration*

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above].

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ Ruling/Hearing on _____ set for _____ at _____

(5) ☒ Status hearing ☐ held ☐ continued to ☒ set for ☐ re-set for 4/18/00 at 9:00 a.m.

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] **Plaintiff's motion to set briefing schedule is denied without prejudice.**

(11) ☐ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| | |
|---|---|
| ☒ No notices required, advised in open court. | number of notices |
| ☐ No notices required. | |
| ☐ Notices mailed by judge's staff. | date docketed |
| ☐ Notified counsel by telephone. | MAR 2 4 2000 |
| ☐ Docketing to mail notices. | docketing dpty. initials |
| ☐ Mail AO 450 form. | |
| ☐ Copy to judge/magistrate Judge. | date mailed notice |
| courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document # 3





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8310 | **DATE** | 3/21/2000 |
| **CASE TITLE** | Singleton vs. Montgomery Ward Credit | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's Blatt, Hasenmiller, Leibsker, Moore & Pellettieri's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion is entered. Defendant's General Electric and Montgomery Ward to file a motion to dismiss with supporting memorandum on or before 4/14/00. Plaintiff to respond to all motions by 5/12/00. Defendants to reply by 5/26/00. Ruling set for 7/25/00 at 9:00 a.m. *Plaintiff is given leave to file an amended complaint. Status hearing set for 4/4/00 @ 9:00 am.*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| ✓ | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 2 4 2000
date docketed

docketing deputy initials

TSA

courtroom deputy's initials

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5720 | **DATE** | March 23, 2000 |
| **CASE TITLE** | Mark F. Farino, #B-57381 vs. Donald Bettenhausen, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The plaintiff having shown that his failure to comply with the court's order and general filing requirements was inadvertent, the rule to show cause is discharged. However, the plaintiff is once again reminded that he must provide the original plus a judge's copy of every document filed.

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| mjm | courtroom deputy's initials | date mailed notice |

Date/time received in central Clerk's Office

Document Number

18





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 910 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Ty, Inc. vs. Harvey Wallhangers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Parties to comply with Federal Rules of Civil Procedure 26(a)(1) by April 3, 2000. Discovery cut-off and filing of dispositive motions with supporting memorandum set for June 21, 2000. Disclosure of experts pursuant to Federal Rules of Civil Procedure 26(a)(2) by May 24, 2000. The parties shall present their joint pretrial order and agreed jury instructions on July 26, 2000 at 9:00 a.m. Plaintiffs draft to be submitted to defendant by July 19, 2000. Case is placed on the August trial calendar. These are FIRM DATES.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAR 2 4 2000 | 8 |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| TP | courtroom deputy's initials | 00 MAR 23 PM 4:52 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5810 | **DATE** | 3/23/2000 |
| **CASE TITLE** | CYNTHIA J. SPAULDING vs. BLUE CROSS BLUE SHIELD OF ILLINOIS | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment is taken under advisement. Plaintiff shall respond by April 13, 2000; defendant's reply, if any, is due April 20, 2000. Submission of the final pretrial order on April 18, 2000 is vacated pending disposition of the summary judgment motion. This motion will not be heard on March 28, 2000.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | MAR 2 2000 | 22 |
| | Notified counsel by telephone. | | | docketing deputy initials | |
| | Docketing to mail notices. | | | 3/23/2000 | |
| | Mail AO 450 form. | | | date mailed notice | |
| | Copy to judge/magistrate judge. | | | | |
| mks | courtroom deputy's initials | | Date/time received in central Clerk's Office | mks mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4330 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Savage vs. Malcolm X College | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to strike portions of plaintiff's 12(N) statement

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion is entered. Plaintiff's oral motion to file corrected 12(N) statement is taken under advisement. Ruling is set for 4/25/00 at 9:00 a.m. to stand.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAR 2 4 2000
date docketed

docketing deputy initials

date mailed notice

TSA
courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

19





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2462 | **DATE** | 3/24/2000 |
| **CASE TITLE** | First National Bk of Chgo vs. Theophlis L. Kanion, Jr. et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/19/2000 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Patrick t. Costello is given leave to file his appearance on behalf of defendants The Bd of Managers of the Weslake Country Club Association and The Bd of Managers of the Edgewater Homeowners Association, instanter.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 7 2000 | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |

| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice |
|---|---|---|---|---|
| | | | | mailing deputy initials |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7162 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Feldman vs. The Equitable Life etc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Trial begins - Bench. Evidence heard. Trial adjourned to March 24, 2000 at 9:00am.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | LS | 66 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7662 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Prism Mortgage Company vs. American Investment Mortgage Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for more definite statement

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion for more definite statement is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | | 7 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | LS | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| WAP | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8372 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Frys vs. Brennan | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ **Status hearing is set for 4/25/00 at 9:30am.**

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Motion by Jeffrey T. Mitchell to withdraw his appearance as counsel for plaintiffs and the proposed class is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 27 2000 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | 15 | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1284 | **DATE** | 3/17/2000 |
| **CASE TITLE** | Siemens Canada Ltd. vs. Eaton Corp, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants' motion for leave to amend their answer and affirmative defenses is granted. Martsman hearing set to 6/1/00 at 10:00 a.m. Briefing completed by 5/12/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | MAR 2 7 2000 | | | 35 |
| ✓ | Docketing to mail notices. | date docketed | | | |
| | Mail AO 450 form. | *em* | | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | | | |
| | | | date mailed notice | | |
| rs6 | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2254 | **DATE** | March 24, 2000 |
| **CASE TITLE** | | *Buie v. Woolway* | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Woolway and National Car Rental's motions to dismiss and to strike [57-1] are denied and Caterpillar's motion to dismiss [67-1 & 71-1] is granted. Any future filings by Buie which exceed the court's rules regarding page length will be stricken. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 7 2000 | 79 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

DOCKETED

MAR 27 2000

|  |  |  |
|---|---|---|
| LIZZIE BUIE, | ) | |
| Plaintiff, | ) | |
| | ) | 98 C 2254 |
| v. | ) | |
| | ) | |
| STEPHEN WOOLWAY, NATIONAL | ) | |
| CAR RENTAL SYSTEM, INC., and | ) | |
| CATERPILLAR, INC., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On April 13, 1996, plaintiff Lizzie Buie was injured when her car collided with a car driven by defendant Stephen Woolway. Buie claims, among other things, that Woolway was negligent and seeks to impose liability on Woolway and his alleged principals, defendants National Car Rental System and Caterpillar, Inc. The defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that certain claims raised by Buie are barred by the statute of limitations. Woolway and National Car Rental also seek to strike Buie's response to their motion to dismiss as it exceeds fifteen pages, in violation of the court's local rules. For the following reasons, Woolway and National Car Rental's motions to dismiss and to strike are denied and Caterpillar's motion to dismiss is granted.

## I.    Background

As noted above, this case arises from a car accident on April 13, 1996. On April 10, 1998, Buie filed her original complaint against Woolway and National Car Rental, alleging that Woolway caused the accident by driving negligently and that National Car Rental was Woolway's principal. On July 13, 1998, Buie filed her first amended complaint. This complaint omitted references to Woolway's insurance and was, unlike the original complaint, not verified under

7 0

Illinois law. On July 2, 1999, Buie filed her second amended complaint. This complaint repeated the negligence and agency claims from the prior complaint. It also claimed that the car rented to Woolway by National Car Rental was defective and that National Car Rental negligently rented the car by failing to ascertain if Woolway was competent to drive it.

On November 19, 1999, the court permitted Buie to implead Caterpillar and subsequently permitted Buie to amend her complaint to add allegations regarding Caterpillar. In her third amended complaint, filed on January 29, 2000, Buie asserted that Woolway was employed by Caterpillar and was driving his rental car on company business when his car collided with Buie's car. She thus alleged that Caterpillar was also liable under an agency theory.

National Car Rental claims that the product liability and negligent rental claims against it are barred by the statute of limitations, while Caterpillar claims that the agency claims against it are barred by the statute of limitations. Buie's responses to both motions to dismiss exceed fifteen pages, in violation of the court's local rules. *See* Local General Rule 7.1. The court declines to strike Buie's responses, but admonishes her counsel to comply with this rule in all future filings. Any future filings by Buie which exceed the court's rules regarding page length will be stricken. With that said, the court turns to the motions to dismiss.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th

- 2 -

Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

## B.    National Car Rental

In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS § 5/13-202. Hence, unless Buie's product liability and negligence claims relate back to her initial complaint, they are time-barred. Rule 15(c) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1) & (2).[1]

---

[1] The parties do not provide authority as to whether state or federal law governs the relation back issue vis-a-vis Woolway and National Car Rental. Buie does, however, point to 735 ILCS § 5/2-616, which provides that amendments relate back if they relate to the transaction or occurrence in the original pleading. Because this provision is essentially the same as Fed. R. Civ. P. 15(c)(2), the outcome is the same regardless of whether the court applies federal or state law.

According to the Seventh Circuit:

> relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading . . . . Thus, a new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim arises from the same "conduct, transaction, or occurrence" as was alleged in the original complaint; for relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery.

*Bularz v. Prudential Insurance Company of America*, 93 F.3d 372, 379 (7th Cir. 1996).

As noted by Woolway and National Car Rental, the relation back rule is premised on the idea that a defendant should have fair notice of a claim. *See generally Wright & Miller*, § 1497 at 94-95. Fair notice, however, does not mean that a plaintiff must furnish a complete list of each theory of recovery at the inception of an action. Instead, it means that a defendant is entitled to notice of the facts underlying a plaintiff's claims: "[t]he fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading." *Id.*

Woolway and National Car Rental contend that Buie's two new theories – product liability and negligent rental – rely on facts which were not raised in the original complaint and contend that allowing Buie to proceed on any claim other than Woolway's negligence would prejudice them. The fact remains, however, that these theories flow from the same occurrence

---

Accordingly, the court declines to reach the choice of law issue with respect to Woolway and National Car Rental and will, in the interests of brevity, only discuss Rule 15(c)(2). *See Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 233 n.1, 236 n.3 (7th Cir. 1996); 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1503 (2d ed. 1990) (hereinafter "Wright & Miller").

outlined in the original complaint: a car accident purportedly caused by Woolway, driving a car rented from National Car Rental.

In the seminal case of *Tiller v. Atlantic Coast Line RR. Co.* the Supreme Court confronted a similar argument. 323 U.S. 574 (1945). The plaintiff's husband was killed on the job by a locomotive, and the plaintiff filed suit, alleging that her husband's death was due to his employer's negligence and its failure to provide a reasonably safe place to work. She later amended her complaint to add a Boiler Inspection Act claim based on the employer's failure to light the locomotive. The Supreme Court rejected the defendant's statute of limitations defense, explaining that the claims in the original and amended complaints "related to the same general conduct, transaction and occurrence which involved the death of the deceased. There was therefore no departure. The cause of action now, as it was in the beginning, is the same – it is a suit to recover damages for the alleged wrongful death of the deceased . . . . There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard." *Id.* at 581.

In this case, as in *Tiller*, the plaintiff is seeking damages flowing from an accident outlined in the original complaint. "[R]elation back is permitted when an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Lambert v. Babcock & Wilcox, Co.*, 70 F. Supp. 2d 877, 888 (S.D. Ind. 1999). The operative core of facts in this case consist of the allegations that Buie and Woolway were in an accident and that Woolway was driving a car rented from National Car Rental. While the products liability and negligent rental claims are wholly separate from Buie's

original negligence claim, they flow from the same root occurrence – the accident. *See Johansen v. E.I. DuPont de Nemours & Co.*, 810 F.2d 1377 (5th Cir. 1987) (in a personal injury action arising from an oil field accident, implied and express warranty claims related back to original products liability claim because they arose from the same underlying occurrence). Thus, these claims relate back.

The court also notes that National Car Rental's contention that the products liability and negligent rental claims do not relate back because they are based on additional facts which do not appear in the original complaint is unavailing. As noted above, the key to the relation back doctrine is whether the new cause of action arises from the transaction or occurrence featured in the original complaint, not whether the original complaint contains factual allegations sufficient to support a subsequently raised cause of action. Accordingly, the court finds that Buie's products liability and negligent rental claims are not time-barred.

## C.    Caterpillar

The court must first consider whether to apply state or federal law to the issue of whether the amendments adding allegations against Caterpillar relate back. Rule 15(c) provides that an amendment relates back when "(1) relation back is permitted by the law that provides the statute of limitations applicable to the action" or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if [Rule 15(c)(2)] is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(1) & (3). Thus, relation back is permitted if Buie satisfies the requirements of either state or federal law. The court will consider these issues separately, as federal and state law governing the relation back doctrine for the addition of parties differs.

### 1.    Relation Back Under Illinois Law

In Illinois:

> A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616(d)

By its express terms, all five prongs in § 2-616(d) must be satisfied in order to invoke the relation back doctrine. Caterpillar claims that Buie cannot satisfy prongs two, three, and four, contending that Buie's failure to join Caterpillar before the statute of limitations expired was due to a lack of diligence, rather than inadvertence, service of summons was not effected via service

on Caterpillar or one of its agents in the wrong capacity, and Caterpillar did not know of the action within the limitations period.

The court first considers whether Buie's failure to join Caterpillar within the limitations period was inadvertent. In Illinois, inadvertence exists if a plaintiff is heedless, negligent, inattentive in her failure to join the new defendant originally but joins that new defendant within a reasonable time after receiving notice of its existence. *See, e.g., Shiner v. Friedman*, 161 Ill. App. 3d 73, 81, 513 N.E.2d 862, 866 (1st Dist. 1987). This describes Buie's actions to a "T" -- she chose to wait until well after the two year statute of limitations had expired to depose Woolway, who then told her he was employed by Caterpillar, but added Caterpillar in as an additional defendant in a reasonable amount of time after the deposition.

Prongs three and four, however, are more problematic for Buie. Section 2-616(d)(3) requires Buie to establish that "service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another . . . " Buie notes that she served Woolway within the limitation period and contends, without any citation to authority, that service on Woolway in his individual capacity is tantamount to service on Caterpillar via its agent, Woolway.

The flaw to this argument is the fact that Buie did not name Caterpillar as a defendant or claim that Woolway was Caterpillar's agent within the limitations period. In other words, Buie did not consciously attempt to serve Caterpillar within the limitations period and simply select the wrong agent. Instead, she is now attempting to use the later-discovered fact that Woolway was an employee of Caterpillar to transmogrify her initial service on Woolway in his personal capacity into service on Woolway as Caterpillar's agent. Where a complaint does not refer to an individual

- 8 -

as an agent or mention the principal, however, "[the agent] cannot be considered an agent of [the principal] for the purpose of service of summons." *Biggerstaff v. Moran*, 284 Ill. App. 3d 196, 203, 671 N.E.2d 781, 786 (1st Dist. 1996). Because Buie's complaint omits this critical information, she cannot satisfy § 2-616(d)(3).

In the interests of completeness, the court will also address Caterpillar's final argument: that Buie cannot satisfy § 2-616(d)(4) because it did not know of the action within the limitations period. In support, Caterpillar notes that Buie filed this action three days before the expiration of the statute of limitations and served Woolway and National Car Rental after the statute of limitations had expired. In response, Buie claims that service on Woolway put Caterpillar on notice and asks the court to conclude that, since the same attorneys represent Woolway and Caterpillar, Caterpillar knew of the action within the limitations period.

The complaint does not mention Caterpillar or assert that a principal-agent relationship existed between Woolway and Caterpillar. Moreover, the allegations against Woolway are couched purely in terms of an action against him in his individual capacity. Thus, service on Woolway in his individual capacity is not sufficient to put Caterpillar on notice of a purported action against itself. *See Leonard v. City of Steator*, 113 Ill. App. 3d 404, 408, 447 N.E.2d 489, 491 (3d Dist. 1983) (affirming dismissal based on the statute of limitations where corporation did not have actual notice, and holding that suit against individual was not enough to satisfy the requirement that the corporation know of the action within the limitations period).

Buie's claim that Caterpillar knew of the action because the same attorneys currently represent both Woolway and Caterpillar is also unpersuasive. Buie does not point to any authority in support of this novel argument which, in fact, has been expressly rejected by the

Seventh Circuit. *See Moore v. Indiana*, 999 F.2d 1125, 1130-31 (7th Cir. 1993) (service on shared counsel alone is not sufficient under Rule 15(c)(3)), *citing Gleason v. McBride*, 869 F.2d 688, 694 (2nd Cir. 1989) (despite shared counsel, notice of action against municipality did not afford adequate notice to municipality's employees of possible inclusion as codefendants).

Finally, the fact that the court permitted Buie to amend her complaint to add allegations against Caterpillar does not mean that the court has decided that those allegations are timely. It is true that futility is a ground for denial of a motion to amend a complaint under Rule 15(a). *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997). It is also true, however, that the court did not consider the timeliness issue in the context of Buie's motion to amend. In short, while amendments are liberally allowed, an amended pleading is still subject to attack via a motion to dismiss. Accordingly, the court concludes that Buie cannot satisfy each and every prong of § 2-616(d). Thus, Illinois law does not entitle Buie to have her claims against Caterpillar relate back.

## 2. Relation Back Under Federal Law

The federal rules thus require, among other things, that the defendant know of the action within the time for service under Rule 4(m) (120 days after the initiation of the action). Fed. R. Civ. P. 15(c)(3). For the reasons discussed above, Buie cannot establish that Caterpillar knew of the action within this time frame. The court will thus not consider whether Buie can meet the remaining requirements of Rule 15(c)(3).

## III.     Conclusion

Woolway and National Car Rental's motions to dismiss and to strike [57-1] are denied and Caterpillar's motion to dismiss [67-1 & 71-1 is granted.  Any future filings by Buie which exceed the court's rules regarding page length will be stricken.


DATE:   MAR 2 4 2000

Blanche M. Manning
United States District Court Judge

98cv2254.md





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2764 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Calvin vs. International Brotherhood, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] On defendant's motion for leave to file a motion for summary judgment on the issue of whether plaintiff's lawsuit is timely, plaintiff's response by 4/21/00. Defendant's reply by 4/28/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | Document Number |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAR 2 7 2000 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 25 |

courtroom deputy's initials: rs

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 303 - 1 | **DATE** | 3/22/2000 |
| **CASE TITLE** | USA vs. Sebastian Wiggins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Defendant surrenders on 3/22/00. Arraignment and plea held. Defendant waives formal reading of the indictment and enters a plea of not guilty to all counts of the indictment. Defendant informed of rights. 2.04 conference to be held on or by 3/29/00. Pretrial motions to be filed on or by 4/12/00. Status hearing set for 4/27/00 at 9:45 a.m. before Judge Anderson. Government's oral motion to exclude time is granted. Time ordered excluded pursuant to 18:3161(h)(8)(a)(B)  [XT]

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 3-23-00 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 201 - 1 | **DATE** | 3/22/2000 |
| **CASE TITLE** | USA vs. Omar Banuelos-Ramos | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Detention hearing reset to 3/23/00 at 1:30 p.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| ✓ | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

3-27-00
date docketed

docketing deputy initials

DK — courtroom deputy's initials

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5079 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Shane L. Sherer vs. General Electric Company | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Settlement conference held. Plaintiff's motion for the enforcement of settlement agreement [21-1] is withdrawn by agreement.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

MAR 2 7 2000

Document Number

23

courtroom deputy's initials

IS

Date/time received in central Clerk's Office

number of notices

date docketed

docketing deputy initials

date mailed notice

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5769 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Munir Fakhouri vs. Transworld Systems | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's motion to withdraw

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion granted. Jeffrey T. Mitchell is granted leave to withdraw his appearance as counsel for plaintiff. Daniel A. Edelman, Cathleen Combs and James Latturner will remain as counsel.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 7 2000 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SN | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

19





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 269 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Penny Gentieu, et al vs. Tony Stone Images/Chicago | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. This memorandum order limits itself to striking the First Counterclaim, which seeks a declaration of noninfringement of the salfsame copyrights that are the gravamen of the Verified Complaint's claims of copyright infringement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | MAR 27 2000 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | /0 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PENNY GENTIEU, et al.,           )
                                 )
                Plaintiffs,      )
                                 )
        v.                       )    No.  00 C 269
                                 )
TONY STONE IMAGES/CHICAGO, INC., )
et al.,                          )
                                 )
                Defendants.      )

DOCKETED
MAR 2 7 2000

## MEMORANDUM ORDER

Tony Stone Images/Chicago, Inc. ("Tony Stone") has filed its
Answer, Affirmative Defenses and Counterclaims to the Verified
Complaint brought against it and a related codefendant by Penny
Gentieu and Penny Gentieu Studio, Inc.  This memorandum order is
issued sua sponte to address one facet of that responsive
pleading.

Although this Court is not about to contribute to
deforestation by requiring Tony Stone's counsel to go back to
square one and prepare a wholly new responsive pleading, just a
few words must be said about the nature of the Answer.  Lawyers
often pay little if any heed to the directive of Fed. R. Civ. P.
("Rule") 8(a)(2) that each plaintiff should be limited to "a
short and plain statement of the claim showing that the pleader
is entitled to relief" (the notion of notice pleading) and to the
corresponding mandate of Rule 8(b) that a responsive pleader be

limited to a "state[ment] in short and plain terms."  It is true
that the Verified Complaint here offended in the first respect,
but some justification was surely provided by the fact that part
of the relief sought (and obtained) was the issuance of a
temporary restraining order, so that the need for verification
and specificity imposed by Rule 65(b) made it essential to go
beyond skeletal or conclusory allegations (or both).  But that
departure from the "short and plain" directive does not at all
justify the nature of the Answer, which in many places reads like
a closing argument or legal brief rather than serving the proper
role of notice pleading.

But as stated earlier, little purpose would be served by
requiring the pleading to be redone.  Instead this memorandum
order limits itself to striking the First Counterclaim, which
seeks a declaration of noninfringement of the selfsame copyrights
that are the gravamen of the Verified Complaint's claims of
copyright infringement.  No useful purpose is served by inserting
the mirror image of a plaintiff's claim that, if lost, will give
defendant precisely the relief it seeks in its counterclaim.

Milton I. Shadur
Senior United States District Judge

Date:  March 24, 2000

2





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6949 | **DATE** | 3/24/2000 |
| **CASE TITLE** | King Vision Pay Per View, Ltd. vs. Johnny Dollar's, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff and defendant's agreed motion to amend dismissal

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Agreed motion is granted. The prior dismissal is amended to read as follows: This case is dismissed without prejudice pending completed payment of the settlement at which time the plaintiff will file a dismissal with prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | | |
| | Notified counsel by telephone. | | date docketed | | 22 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| IS | courtroom deputy's initials | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1729 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Linda Swan Zamecnik vs. Associated Packaging | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for an order to show cause

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion is entered and continued to April 14, at 8:45 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 30 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2349 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Renda Sue Davison vs. Ken Lister, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| IS | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





(J56)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6079 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Chase Manhattan Mortgage vs. Robyn A. Anderson | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's motion for default order is granted.  Plaintiff's motion for summary judgment of foreclosure is granted.  Enter judgment of foreclosure.  Enter order appointing Gerald Nordgren as Special Commissioner.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | 7 |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

njf3

Fisher And Fisher
File # 40604

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Chase Manhattan Mortgage )
Corporation )
Plaintiff )
VS. )
Robyn A. Anderson And Kevin King, )   NO. 99 C 6079
Defendant )   Judge GETTLEMAN
)
)
)
)

DOCKETED
MAR 2 7 2000

### <u>DEFAULT ORDER</u>

THIS CAUSE COMING ON TO BE HEARD ON motion of plaintiff for entry of an
Order finding certain Defendants in default;

IT IS ORDERED the following defendants are in default:

Kevin King.

ENTER: _____   MARCH 22, 2000
                JUDGE

Elizabeth Kaplan Meyer
Renee F. Meltzer
Michael S. Fisher
Elizabeth T. Sewruk
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
ATTORNEYS AT LAW, PC
120 N. LASALLE, SUITE 2520
CHICAGO, IL 60602
TELEPHONE: 773-854-8055

7

njf8

Fisher And Fisher
File # 40604

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Chase Manhattan Mortgage Corporation | ) | |
| Plaintiff | ) | NO. 99 C 6079 |
| VS. | ) | Judge GETTLEMAN |
| Robyn A. Anderson And Kevin King, Defendant | ) | |

**SUMMARY JUDGMENT ORDER**

*DOCKETED*
*MAR 2 7 2000*

This cause coming on to be heard on motion of plaintiff, Chase Manhattan Mortgage Corporation, for summary judgment, against Defendant Robyn A. Anderson, and this Court being fully advised;

IT IS HEREBY ORDERED that this Court finds there is no genuine issue of any material fact as to Mortgagee's claim against Defendant Robyn A. Anderson, and Mortgagee is therefore entitled to a judgment as a matter of law against Defendant (see Fed.R.Civ.P.56), that judgment is included in the Judgment for Foreclosure being entered contemporaneously with this order.

DATE: _MARCH 22, 2000_     ENTER: _Robert W. Gettleman_

JUDGE

Elizabeth Kaplan Meyers
Renee F. Meltzer
Michael S. Fisher
Elizabeth T. Sewruk
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
Attorneys At Law, P.C.
120 North LaSalle Street
Chicago, IL 60602
773-854-8055

njf1

Fisher And Fisher
File # 40604

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Chase Manhattan Mortgage
Corporation
Plaintiff
VS.
Robyn A. Anderson And Kevin King,
Defendant

)
)
)
)
)
)
)
)

NO. 99 C 6079

Judge GETTLEMAN

**DOCKETED**
**MAR 2 7 2000**

## JUDGMENT OF FORECLOSURE

This cause coming on to be heard on Plaintiff's Motion for Judgment, the Court FINDS:

1.   That it has jurisdiction of the parties hereto and the subject matter hereof and that service of process in each instance was properly made.

2.   That the date when the last of the owners of the equity of redemption were served with summons or by publication was October 13, 1999.

3.   That the redemption period in this case shall expire on June 23, 2000, unless shortened by further order of this Court.

4.   That by virtue of the Mortgage and the Note secured thereby, there is due from the Mortgagors to the Plaintiff, and the Plaintiff has a valid and subsisting lien for said amount upon the hereinafter described property as follows:

| | | |
|---|---|---|
| Unpaid Principal: | $ | 84,096.31 |
| Accrued interest on unpaid principal to March 22, 2000 | $ | 8,002.94 |
| Advances by Plaintiff: | $ | 2,373.31 |
| Late Charges: | $ | 436.40 |
| Costs of Suit: | $ | 766.00 |
| Plaintiff's Attorneys' fees: | $ | 950.00 |
| TOTAL JUDGMENT INDEBTEDNESS | $ | 96,624.96 |



5. The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Deeds of COOK County, Illinois as Document No. 96510652, and the subject property is legally described as follows:

The North 33 feet of Lot 2 in Block 4 in Stewart's Subdivision of the North 1/2 of the Southeast 1/4 of Section 28, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois. c/k/a 7510 S. Wentworth Ave., Chicago, IL 60620. Tax ID. 20-28-403-032

6. The names of Defendants personally liable for the deficiency, if any are: Kevin King and Robyn A. Anderson

7. The rights and interests of all the other parties to this cause in the subject property, are inferior and subordinate to the lien of the Plaintiff and are described as follows: NONE.

The aforementioned liens are not to be considered judgments by virtue of this Order, but which are subject to further order of this Court.

8. The Plaintiff has been compelled to retain legal counsel and to advance money in payment of costs, fees, expenses and disbursements for taxes, assessments and insurance in connection with this foreclosure, which under the terms of the Mortgage are made a lien upon the mortgaged real estate and which the Plaintiff is entitled to recover together with interest on all advances at the rate of interest provided in the Mortgage, from the date on which such advances are made.

9. The allegations in Plaintiff's Complaint are true, and the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief prayed for in the Complaint including foreclosure of said Mortgage upon the real estate described therein in the amount of the Total Judgment Indebtedness as found above, together with interest thereon at the statutory rate after the entry of this Judgment and with additional advances, expenses, and court costs as may be paid out by Plaintiff thereafter.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. REDEMPTION: The Defendant(s) homeowner(s) are ordered to pay to the Plaintiff the Total Judgment Indebtedness found due above before the expiration of the redemption period together with additional attorneys' fees, costs, advances, and expenses incurred thereafter with interest. In default of such payment, upon expiration of the redemption period, the mortgaged real estate may, at Plaintiff's discretion, be sold to satisfy the amount due to the Plaintiff together with the interest, advances, and expenses incurred after judgment at the statutory judgment rate from the date of the Judgment. This Court has approved the portion of the lien attributable to attorneys' fees in Finding 4 only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant in the event of redemption by defendants, or a deficiency judgment, or otherwise.

2. THE SALE shall be by public auction with open verbal bid conducted by a Special Commissioner to be appointed by this Court. Exceptions to which title shall be subject at the sale shall include unpaid general real estate taxes, special assessments upon the real estate, easements and restrictions of record, as well as any liens of records prior in right and interest to the lien herein foreclosed as well as any subordinate liens not included in this action and not foreclosed hereby.

3. PUBLICATION FOR SALE A Notice Of Sale specifying the time, date and location of the sale and identifying and describing the real estate to be sold shall be published at least three consecutive calendar weeks, once in each week. The first such notice is to be published no more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, pursuant to law. If the sale is to be continued to a later date less than 60 days after the last scheduled sale, notice of any adjourned sale shall be given verbally at the originally scheduled sale time and place.

4. REPORT OF SALE The person conducting the sale shall prepare a Report Of Sale specifying the amount of proceeds of sale realized and the disposition thereof. Said Report shall be delivered to Plaintiff's Attorney for presentation to the Court for its approval. Out of the proceeds of the sale, the person conducting the sale shall retain his fees and costs. Out of the remainder of such proceeds, the person conducting the sale shall pay to the Plaintiff the amount of this Judgment found to be due with interest on said sum, at the rate of Nine (9%) percent per annum from the date of this Judgment to the date of sale plus advances by Plaintiff for the publication for Sale, taxes, maintenance, late charges, and other necessary items, plus interest thereon from the date of said expenditure to the date of sale.

In the event any party to this foreclosure is the successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this Judgment of Foreclosure, once said party's lien position has been adjudicated by the Court, plus amounts advanced for costs and expenses with interest thereon. In the event of a 3rd party bidder, the successful bidder shall pay to the person conducting the sale, no less than 10% down in certified funds, and the balance within 24 hours of the date of the sale. If the remainder of the proceeds shall not be sufficient to pay the above described amounts the person conducting the sale shall then specify the amount of the deficiency in his Report of Sale. If such remainder shall be more than sufficient to pay such amounts, the person conducting the sale shall hold the surplus subject to the further order of this Court.

5. CERTIFICATE OF SALE: After the sale, the person conducting the sale shall give a Certificate of Sale to the purchaser. The certificate shall be freely assignable by endorsement thereon. Upon confirmation of the sale by Order of this Court, the person

who conducted the sale shall execute a deed to the holder of the Certificate of Sale sufficient to convey title. Such conveyance shall be an entire bar of all claims of parties to the foreclosure and all claims of non record claimants given notice of the foreclosure as provided by statute.

6. POSSESSION   The Mortgagor shall have possession of said real estate until the sale is confirmed unless an order of Court to the contrary is entered.   Upon confirmation of the sale by Order of this Court, the purchaser or his assigns, shall have a right to possession of the premises conveyed and any of the parties in this cause who are in possession of said premises, and any persons who, since the commencement of this suit, have come into possession shall surrender possession thereof to such purchaser or be subject to eviction, 30 days after the Order for Possession is entered by this Court.

7. The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for appointing a Receiver during the redemption period if necessary.

8. TERMINATION OF LEASES   All leases now existing with respect to the subject property shall automatically be terminated upon the sale of the subject property at public auction as set forth hereinbelow.

ENTERED:

Judge

DATED: _MARCH   22, 2000_
**Elizabeth Kaplan Meyers**
**Renee F. Meltzer**
**Michael S. Fisher**
**Elizabeth T. Sewruk**
**Erik E. Blumberg**
**Marc D. Engel**
**Julie E. Fox**
**FISHER AND FISHER**
**Attorneys at Law, P.C. #3309**
**120 North LaSalle, Suite 2520**
**Chicago, IL 60602**
**Telephone:(773)854-8055**

njf5

Fisher And Fisher
File # 40604

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Chase Manhattan Mortgage )
Corporation )
Plaintiff )
VS. )
Robyn A. Anderson And Kevin King, ) NO. 99 C 6079
Defendant ) Judge GETTLEMAN
)
)

DOCKETED
MAR 2 7 2000

### ORDER APPOINTING SPECIAL COMMISSIONER

IT IS ORDERED THAT *GERALD NORDGREN* is hereby appointed Special

Commissioner of this Court for the purpose of the sale at public venue of the property that

is the subject matter of this action.

ENTERED: _Robert W. Gettleman_ March 27, 2000
_____
JUDGE

Elizabeth F. Kaplan
Renee F. Meltzer
Michael S. Fisher
Elizabeth T. Sewruk
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
Attorneys at Law PC
120 N. LaSalle St.
Suite 2520
Chicago, IL 60602
(773)-854-8055







Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2914 | **DATE** | 3/23/2000 |
| **CASE TITLE** | M. T. vs. BOARD OF EDUCATION CITY OF CHICAGO | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Agreed Order dated 3/2/00. The parties have until March 31, 2000 to file their respective Findings of Fact and Conclusions of Law.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | Document Number |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAR 2 7 2000 | |
| ✓ | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | courtroom deputy's initials | | date mailed notice | |
| EF | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN THE MATTER OF THE )
SPECIAL EDUCATION OF M.T. )
BY AND THROUGH HER NEXT )
FRIENDS AND PARENTS, )
D.T. AND S.T. )
)
              **Plaintiffs,** )    No. 98 C 2914
)
    **vs.** )
)    Judge Charles R. Norgle, Sr.
BOARD OF EDUCATION OF THE CITY )
OF CHICAGO; )
)
              **Defendant.** )

DOCKETED
MAR 2 7 2000

## AGREED ORDER TO EXTEND TIME FOR FILING
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming to be heard on the joint request of plaintiff, M.T., and the Board of Education of the City of Chicago for an extension of time to file their respective Findings of Fact and Conclusions of Law, the Court being fully advised in the premises, and by agreement of the parties it is hereby ordered that:

Due to the hospitalization of plaintiff's counsel and the parties not receiving the December 17, 1999 transcript of the court proceedings because the court reporter has been ill and out of the office, the parties have until March 31, 2000 to file their respective Findings of Fact and Conclusions of Law.

_____
The Honorable Charles R. Norgle, Sr.

Date: 3-2-2000

19





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5404 | **DATE** | 3/22/2000 |
| **CASE TITLE** | | Wagner vs. Ocwen | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for leave to file its reply memorandum instanter is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 7 2000 | | |
| | Docketing to mail notices. | | date docketed | | 28 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| OR | courtroom deputy's initials | 00 MAR 23 PM 6:55 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5475 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Spinks vs. Sheahan | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss plaintiff's first amended complaint is entered and continued to 4/20/00 at 9:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 00 MAR 23 PM 6:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |